IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV433-MU

| | |
|---|---|
| ALICIA CHURCH f/k/a ALICIA REEP, ) ) ) Plaintiff, ) ) vs. ) ) LOUIS F. HARRELSON, INC., ) HARRELSON NISSAN, INC., ) HARRELSON TOYOTA, and ) HARRELSON FORD, INC., ) ) Defendant. ) ) | ORDER |

This matter is before the court upon Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants move to dismiss all claims in the Plaintiff's Title VII Complaint that are based upon events occurring before March 1, 2003, as well as all claims for emotional distress or personal injury against Defendant Harrelson Toyota.

Plaintiff worked for Harrelson Nissan, Inc. and Harrelson Toyota from December, 2002 through June 2003. Plaintiff alleges that Defendants Louis F. Harrelson, Inc., Harrelson Toyota, Harrelson Ford and Harrelson Nissan are all part of an integrated enterprise owned by the Harrelson family, and led by Louis F. Harrelson. Louis F. Harrelson's son, Bobby Harrelson, worked at Harrelson Nissan, where Plaintiff was employed prior to her termination.

Plaintiff alleges that during her employment as a Secondary Finance Manager at Harrelson Toyota in Rock Hill, South Carolina, she was sexually harassed by a co-worker, who grabbed her buttocks. When she reported the incident to management, she was involuntarily

1

transferred to work at Defendant Harrelson Nissan. From February 28, 2003 to June of 2003, Plaintiff worked at Harrelson Nissan and alleges that she was subjected to a continuous pattern of sexual harassment by Lloyd Edwards, general manager, and Bobby Harrelson, dealer principal. After being terminated from her position, Plaintiff filed a charge of discrimination with the EEOC on August 28, 2003.

Defendants argue that the court must dismiss all claims arising from any alleged acts of discrimination that occurred prior to March 1, 2003, because they occurred more than 180 days before Plaintiff filed her EEOC charge. Defendants also argue that the South Carolina's workers compensation law is the exclusive remedy for Plaintiff's claims for personal and emotional injuries, and thus any claims for these injuries resulting from actions occurring at the Toyota Dealership in South Carolina are barred.

In response to Defendants' arguments, Plaintiff contends that the continuing violation doctrine and the allegation of an integrated enterprise protect the claims against Harrelson Toyota, as well as the pre-March claims against Harrelson Nissan, from dismissal. Under the continuing violation doctrine, where individual acts of discrimination form a whole, even if some of those acts are otherwise outside the EEOC charge filing period, the charges will be deemed timely. See National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002) (holding that in hostile environment claims, if an act contributing to the claim occurs within the filing period, the entire period of the hostile environment may be considered by the court for purposes of determining liability). Here, Plaintiff alleges that the sexual harassment at Toyota led immediately to the involuntary transfer of the Plaintiff to Harrelson Nissan, where she was continuously harassed by Harrelson principal Bobby Harrelson and his general manager, Lloyd

Edwards. Because of the linkage of these acts, Plaintiff contends they are a part of a continuing violation. The fact that the initial act of harassment occurred at one dealership and the remainder at another does not diminish the linkage of the violations, Plaintiff argues, because all of the named Defendants are part of one integrated enterprise run by the father of one of the alleged harassers.

Having considered the matter, the court finds that at this point in the litigation, the Plaintiff has made sufficient allegations of a continuing violation such that the alleged harassment occurring prior to March, 2003 is not time barred. Moreover, the court finds that Defendants' argument that the South Carolina workers compensation statutes preempt Plaintiff's claims is without merit. See Roberts v. Roadway Express, 149 F.3d 1098, 1105 (10th Cir. 1998); Karcher v. Emerson Electric Co., 94 F.3d 502 (8th Cir. 1996); Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1190 (2d Cir. 1987).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby DENIED.


Signed: January 26, 2006

Graham C. Mullen
United States District Judge